UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-411-RJC
(3:11-cr-3-RJC-DSC-17)

| | |
|---|---|
| DEMORRIS LAMAR ANDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, [Doc. 1]. See also [Doc. 6] (Supplemental Memorandum); [Doc. 9] (Second Supplemental Memorandum).

**I.     BACKGROUND**

Petitioner was charged with: conspiracy to distribute and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(b)(1)(B) (Count Two); conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count Four); attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and (2) (Count Five); and carrying a firearm in furtherance of a crime of violence and drug trafficking offense, *i.e.*, Counts Two, Four, and Five, in violation of 18 U.S.C. § 924(c) (Count Six). [3:11-cr-3 ("CR") Doc. 369]. The Court instructed the jury that, to find Petitioner guilty of the § 924(c) offense in Count Six, it would have to find beyond a reasonable doubt that "the defendant, committed a crime of violence, that is robbery affecting commerce; or a drug trafficking crime, that is conspiracy to distribute or possess with intent to distribute marijuana" and used, carried, or possessed a firearm in furtherance of the charged offense. [CR Doc. 645 at 188]. The jury found Petitioner guilty of all counts. [CR Doc.

1

376]. The Court sentenced Petitioner to a total of 451 months' imprisonment consisting of 151 months for Counts Two, Four, and Five, concurrent, and 300 months for Count Six, consecutive. [CR Doc. 588]; see [CR Doc. 705] (reducing the sentence for Counts Two, Four, and Five to 140 months' imprisonment pursuant to a Motion for Sentence Reduction). The Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence on direct appeal. United States v. Anderson, 597 F. App'x 732 (4th Cir. 2015).

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 19, 2016,[1] as well as two Supplemental Memoranda. [Docs. 1, 6, 9]. He argues that the § 924(c) conviction should be vacated because conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery are not categorically "crimes of violence" pursuant to United States v. Johnson, 576 U.S. 591 (2015). [Id.]. Petitioner argues that the Court is compelled to vacate the § 924(c) conviction because the general verdict fails to reveal the predicate offense upon which the jury relied, and therefore, it is impossible to say whether he was convicted under a valid view of the law. [Docs. 6, 9]. He asks that the Court simply vacate Count Six, or hold a resentencing hearing should the Government request one. [Id.].

This case was stayed for several years pending developments in the case law. [Docs. 5, 14]. Most recently, the matter was stayed pursuant to the Supreme Court's consideration of United States v. Taylor, which has been resolved, 142 S.Ct. 2015 (2022). The Clerk will be instructed to lift the stay and reopen this case.

The United States has filed a Response to the Motion to Vacate and Supplemental Memoranda, arguing that the § 924(c) offense remains valid because it is supported by Count Two,

---

[1] The Federal Public Defender was appointed to represent Petitioner in this action pursuant to Administrative Order No. 3:15-mc-196.

a valid predicate drug trafficking offense. [Doc. 17]. The Petitioner has not replied, and the matter is now ripe.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner contends that his § 924(c) conviction in Count Six should be vacated because the predicate offenses of attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery do not qualify as crimes of violence in light of Johnson and its progeny.

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the

3

person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

The Supreme Court applied the principles articulated in Johnson to conclude that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019). Accordingly, a § 924(c) conviction can only stand if the predicate offense satisfies the force clause set forth in § 924(c)(3)(A). It is now clear that neither attempted Hobbs Act robbery nor conspiracy to commit Hobbs Act robbery qualifies categorically as a crime of violence under § 924(c)(3)(A)'s force clause. See United States v. Taylor, 142 S.Ct. 2015 (2022); United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019) (*en banc*).

Where a jury is instructed on alternative theories of guilt and may have relied on an invalid one, the petitioner must show that it had a "substantial and injurious effect" on the verdict, *i.e.,* that "[t]here [is] more than a 'reasonable possibility' that the error was harmful." Davis v. Alaya, 576 U.S. 257, 268 (2015) (quoting Brecht v. Abrahamson, 507 U.S. 619 (1993)). Speculation that the defendant was prejudiced is not enough; the court must find that the defendant was actually prejudiced by the error. Id. "Mere uncertainty as to which … [predicate or predicates] the jury [relied on] when it found [the defendant] guilty of the § 924(c) count[s] does not suffice to demonstrate plain error, let alone the sort of substantial and injurious error for habeas relief." United States v. Said, 26 F.4th 653, 661 (4th Cir. 2022).

Here, the question is whether the § 924(c) conviction must be vacated because the general verdict fails to reveal whether the jury based the § 924(c) conviction on Counts Four or Five, which are not valid predicates; or on Count Two, which is a valid drug trafficking offense. To meet his burden, the Petitioner would have to show more than a reasonable probability that the jury only found him guilty of Count Six *only* because it improperly considered Counts Four and Five to be

4

crimes of violence. See id. He is unable to do so. The jury found Petitioner guilty of Counts Two, Four and Five, and nothing indicates that the jury relied *only* on the invalid Hobbs Act predicates to support the § 924(c) conviction. Any speculation in that regard is insufficient to warrant § 2255 relief. Id. (denying a § 924(c) challenge that was based on valid and invalid predicate offenses where the allegation of prejudice was speculative, and petitioner was convicted of all the possible predicate theories). The Court will, therefore, dismiss and deny Petitioner's § 2255 Motion to Vacate.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Stay [Doc. 14] is **LIFTED**.

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED** and **DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 10, 2022

Robert J. Conrad, Jr.
United States District Judge

6

Case 3:11-cr-00003-RJC-DSC   Document 741   Filed 08/10/22   Page 6 of 6